1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

BRENDA MAUPIN,

CASE NO.      C07-5063JKA

11

Plaintiff,

12

v.

ORDER AFFIRMING
ADMINISTRATIVE DECISION

13

MICHAEL J. ASTRUE,
Commissioner of Social Security,

14

15

Defendant.

16

17        Plaintiff brings the instant action pursuant to 205(g) of the Social Security Act ("the Act"), as

18   amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision denying his

19   application for disability insurance benefits.  This matter has been referred and reassigned to the

20   undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c).

21        Plaintiff, Ms. Maupin, was born in 1950, and she is currently 57 years of age.  The early history of

22   this case was summarized in an investigation report, dated March 10, 2000, prepared by officers of the

23   Cooperative Disability Investigations Unit.  The report states:

24        On 12/18/1998, the claimant, Brenda J. Maupin filed a claim for Title II and Title XVI
          Social Security disability benefits.  She completed a Disability Report alleging that she has
25        been unable to work since 7/15/1998, due to deteriorating vision and Crohn's disease.  Ms.
          Maupin states that she needs to use a magnifier for all reading.
26
          The medical evidence shows that the claimant has a history of intermittent pain in both
27        eyes since April 1996 when a piece of industrial debris fell from an office ceiling and some
          got in her right eye.  The debris was removed from her eye, and she was subsequently seen
28        by a number of physicians for eye pain and light sensitivity.  Dr. Chan performed

examinations on 5/10/1997 and 5/22/1997, and opined that Ms. Maupin was not legally blind.  (Exhibit #7)

On 3/15/1999, Dr. Flaxel evaluated Ms. Maupin's vision.  He determined that her visual impairment met the criteria for legal blindness.  However, this degree of professed visual impairment was not supported by the physical findings, and Dr. Flaxel indicated that the claimant's vision loss may be functional.  (Exhibit #8)

Dr. Shults performed a neuro-opthalmological examination on 6/9/1999, and he also determined that the physical findings did not support Ms. Maupin's professed visual impairment.  (Exhibit #9)

On 2/10/2000, a psychodiagnostic evaluation was performed by Dr. Wahl to assess the psychological component of the claimant's impairment.  Ms. Maupin presented herself as unable to complete any of the visual tasks.  She reported seeing only "blurred forms' in the test booklet held four inches from her eyes, even using a magnifying glass.  Results of verbal testing are consistent with a diagnosis of conversion disorder, i.e., a sensory deficit with associated psychological factors and a pronounced emphasis on physical symptoms and complaints.  "It should be noted that one of the criteria for this diagnosis is that the symptoms are not intentionally produced or feigned."  (Exhibit #10)

On 2/10/2000, Detective Crawford conducted surveillance on the claimant as she arrived for the appointment with Dr. Wahl.  She did not use a white cane, or any other equipment normally associated with a person who is blind.  She was videotaped walking four blocks, between five and seven feet behind her driver.  She crossed three intersections and was observed stepping up onto curbs without any assistance, and walking in a straight line.  She went into the doctor's office building without any apparent difficulty.

When the claimant left the building she walked directly to the passenger side of the transport vehicle and reached for the door handle, grabbing it on the first try.

(Tr. 180-181).

Plaintiff's December 18, 1998 application for benefits was denied by the administration based on the analysis of an administrative law judge ("ALJ").  The ALJ issued a written decision, dated June 20, 2001 (Tr. 13-19), in which Plaintiff was found to be impaired by "a conversion disorder, an adjustment disorder with mixed anxiety and depressed mood, and mild residuals of gastritis/colitis/esophagitis" (Tr. 20).  Based on the medical evidence, particularly the opinions of Dr. Baer and Dr. Shults, and the investigative report, the ALJ found plaintiff's allegations of total disability not credible (Tr. 2728).  The ALJ concluded Plaintiff was capable of performing past relevant work, as an administrative assistant, and therefore not entitled to social security benefits (Tr. 28-29).  It is noteworthy to point out that the ALJ's decision was challenged at all levels of the administration and the judiciary, including a petition for writ of certiorari with the U.S. Supreme Court, which was denied on or about June 16, 2003.

On June19, 2003, Plaintiff filed a new application for disability insurance benefits (Tr. 604-606).  She again alleged disability since July 15, 1998, because of Crohn's disease and low visual acuity (Tr.

614).   On January 14, 2005, an ALJ held a hearing and heard testimony from two witnesses: Plaintiff and Francine Geers, a vocational expert (Tr. 909-28).   The ALJ determined that additional vocational evidence would be appropriate, and on June 21, 2005, a set of proposed interrogatories were sent to Plaintiff's representative for review (Tr. 552).   Plaintiff objected to the entry of these interrogatories (Tr. 552).  The ALJ overruled these objections since the questions were relevant, necessary, and material for full development of the record, and Ms. Geers' responses were admitted to the record (Tr. 553).

On August 5, 2005, the ALJ issued a decision finding Plaintiff not disabled (Tr. 552-61). Specifically, the ALJ found Plaintiff's previous administrative decision and judicial affirmation precluded any reexamination of that decision or undermining of the evidence supporting that earlier decision (Tr. 557).  The ALJ reviewed "the minimal relevant new evidence" and found she continued to suffer from conversion disorder, adjustment disorder with mixed anxiety and depressed mood, and mild residuals of gastritis, colitis, and esophagitis (Tr. 558).  Plaintiff's allegations of total disability were found not to be credible (Tr. 558), and the ALJ concluded Plaintiff retained the ability "to perform work with ready access to a bathroom, occasional co-worker contact, no teamwork, no public contact, and occasional supervisory contact" (Tr. 558).  The vocational expert testified or stated in answers to her interrogatories that Plaintiff would be able to work as a cleaner, laundry worker, folding machine operator, or motel cleaner, and the ALJ accordingly found Plaintiff not disabled (Tr.559).

Plaintiff challenges the ALJ's decision, and she filed a Complaint with the Court Clerk on or about February 9, 2007, seeking judicial review of the administrative decision.   Plaintiff, representing herself with the assistance of her daughter, argues the administrative decision is erroneous for the following reasons:

1.  The prior decision should have been re-opened for a more complete determination of the case;

2.  The ALJ's credibility analysis is flawed, as it is based on "a false CDI Report", and the ALJ failed to provide legitimate reasons for rejecting Plaintiff's testimony;

3.  The Administration has failed to provide certain telephone testimony audiotapes and an unedited copy of the surveillance videotape "in violation of the Privacy Act, 5 U.S.C. §552"; and

4.  New medical evidence supports a finding of disability.

*DISCUSSION*

It is very important to point out that judicial review of a social security case is based upon the pleadings and the transcript of the record. 42 U.S.C. § 405(g). The jurisdiction of this court on review is not to reweigh the evidence before the ALJ or to substitute its own judgment for that of defendant.  Hall v. Secretary of Health, Education, and Welfare, 602 F.2d 1372, 1374 (9th Cir.1979).  The scope of review is limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's findings of fact. 42 U.S.C. § 405(g);  Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999); Morgan v. Commissioner of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999); Sandgathe v. Chater, 108 F.3d 978, 979 (9th Cir.1997); Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir.1993).  It is more than a scintilla but less than a preponderance.  Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991).  If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision.  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989); Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

After carefully reviewing the briefing and the administrative record the undersigned finds the ALJ's decision is properly supported by substantial evidence in the record and free of legal error.   The court finds as follows:

1. The ALJ properly concluded Plaintiff's previous administrative decision would not be re-opened or re-examined on Plaintiff's current or most recent application for benefits.  The ALJ also properly explained that there was a presumption of nondisability unless a claimant showed "changed circumstances", *citing* Chavez v. Bowen, 844 F.2d 691 (9th Cir 1988).  Here the ALJ found, "In this case, we have no such change in circumstances, as the claimant was aged 50 at the time of the prior decision, and remained within the "closely approaching advanced age category" through her date last insured of December 31, 2003."

Plaintiff has not shown or provided new evidence or good cause to disrupt the previous administrative decision.  Under the Social Security Act, a court may order the administration to consider

1  additional evidence, "but only upon a showing that there is new evidence which is material and that there

2  is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42

3  U.S.C. § 405(g). Thus, the plaintiff must show that the proffered new medical evidence is: "(1) new and

4  not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to

5  the claimant's condition during the time period for which benefits were denied and probative.  The

6  concept of materiality requires in addition, a reasonable possibility that the new evidence would have

7  influenced the [Commissioner] to decide the claimant's application differently.  Claimant must show (3)

8  good cause for [his] failure to present the evidence earlier."  Tirado v. Bowen, 842 F.2d 595, 597 (2d

9  Cir.1988) (internal citations omitted); see Sanchez v. Secretary of Health and  Human Serv., 812 F.2d

10  509, 511 (9th Cir.1987) and Booz v. Secretary of Health & Human Services, 734 F.2d 1378, 1380 (9th

11  Cir. 1984).  Finally, materiality requires that the new evidence be relevant to the claimant's condition

12  during the time period for which benefits were denied. The period under examination spans from the

13  alleged onset date through the date of the ALJ's piror decision. *See* 20 C.F.R. §§ 404.620, 416.330.  At

14  some point the evidence must close and the ALJ must make a decision based on the evidence before him

15  or her.  The prior administrative decision was properly not reopened by the ALJ.

16      2. The ALJ did not err when he did not credit Plaintiff allegations of total disability.  Bunnell v.

17  Sullivan, 947 F.2d 341 (9th Cir. 1991) (en banc), is controlling Ninth Circuit authority on evaluating

18  plaintiff's subjective complaints of pain.  Bunnell requires the ALJ findings to be properly supported by

19  the record, and "must be sufficiently specific to allow a reviewing court to conclude the adjudicator

20  rejected the claimant's testimony on permissible grounds and did not 'arbitrarily discredit a claimant's

21  testimony regarding pain.'"  Id. at 345-46 (*quoting* Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215

22  (11th Cir. 1991)).  An ALJ may reject a claimant's subjective pain complaints, if the claimant is able to

23  perform household chores and other activities that involve many of the same physical tasks as a particular

24  type of job.  Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989)

25      Here, the ALJ stated, "The Administrative Law Judge finds that the claimant's ongoing

26  allegations, in her testimony at the hearing and in written statements, of extreme visual impairment and

27  incapacitating gastrointestinal symptoms [are] not supported by the record.  The claimant has presented

28  the same allegations as were considered in the July 2001 Administrative Law Judge decision, ans such

1    allegations remain not credible for the same reasons set forth in that decision" (Tr. 558).

2         The court notes that the ALJ made this credibility finding after he reviewed the most recent

3    medical evidence and found that the medical evidence did not indicate that Plaintiff had any new

4    impairments or medical condition that had worsened since July 2001 (Tr. 556, and discussed more fully

5    below).   Without significant change in the medical condition, it was appropriate for the ALJ to rely on

6    the previous credibility determination and make a consistent ruling.   As noted above, the previous ALJ's

7    decision was upheld on judicial review, and the undersigned finds no reason to rule similarly.   The ALJ

8    did not err in his analysis of Plaintiff's credibility.

9         3.   Plaintiff argues she was not provided certain materials and that it was a violation of the Privacy

10   Act, 5 U.S.C. §552.   This argument, or the issue of whether or not the Privacy Act was violated,  is not

11   appropriate under the statutory authority given the Court to review administrative decisions,  205(g) of

12   the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), which is the jurisdictional basis

13   stated in Plaintiff's Complaint (*see* Doc. #3 at 7).

14        As an independent basis for judicial review of the validity of the administrative decision,

15   suggesting that Plaintiff was not afforded due process in the administrative proceedings, the court does

16   not find Plaintiff's arguments persuasive.   With respect to Plaintiff's argument that her request to

17   subpoena Dr. Flaxel and Dr. Graham, and to obtain audiotapes of the telephonic testimony provided to the

18   ALJ, the ALJ properly addressed the situation, explaining that they previously testified on May 23, 2001

19   (Tr.750).   The ALJ also addressed plaintiff's concerns about additional testimony obtained from the

20   vocational expert, Ms. Geers (Tr.756-759), stating in his decision the following:

21        After the hearing, the Administrative Law Judge determined that additional vocational
          evidence was needed.  On June 21, 2005, a set of proposed interrogatories was sent to the
22        claimant's representative for review.  In a letter of June 27, 2005, she objected to the
          additional "testimony" from the vocational expert.  Sandra Maupin argued that the
23        information sought from Ms. Geers was not new and material evidence permitted under 20
          CFR 404.944.  Moreover, she objected that the Administrative Law Judge's second
24        hypothetical from the hearing was not contained within written interrogatories.  These
          objections are overruled.  First, the regulations allow an Administrative Law Judge to
25        receive evidence prior to issuing the decision and the information sought from Ms. Geers
          was both new and material to the issue of disability.  Moreover, the Administrative
26        Law Judge determined that there was no need to clarify the response to the second hypothetical
          through interrogatories.  The claimant's representative questioned Ms. Geers at the hearing
27        and had an opportunity to propose other interrogatories, but did not do so.

28        In a letter of July 21, 2005, Ms. Geers responded to the interrogatories and this response
          was proffered to the claimant and her representative.  The August 1, 2005, response from

1

2

3

Sandra Maupin raised the same objections as in her June 2005 letter, and she stated, "I am not participating in this illegal procedure; therefore, I have not written questions for the vocational expert." These objections are overruled since the post-hearing interrogatories were necessary, relevant, and material for the full development of the record. Ms. Geers' response has been entered into the record as Exhibit B22E.

4

5

Furthermore, the claimant's representative in a letter of August 1, 2005, asked that certain documents be added to the record. While many of these are duplicates of records already in the files, they will simply be added as a group in one exhibit.

6 (Tr. 552-553).

7      Finally, the court finds Plaintiff's has not shown how she has been prejudiced by the

8 administration's alleged failure to provide an unedited copy of the surveillance video. The court has

9 reviewed the video tape attached to Plaintiff's Opening Brief, as well as the CID officers' report (Tr. 179-

10 185). Plaintiff alleges the video and officers' report is fraudulent. Plaintiff asserts that the officer's

11 description is not accurately reflected in the tape. Specifically, Plaintiff argues,

12

13

14

15

16

17

Detective Crawford's statements shown on transcript 181, 183 and 184 are proven false by the surveillance tape as follows: The videotape showed plaintiff following Sandra Maupin closely. The end of the tape did not show the "claimant opening her own vehicle door without aid" (page 5 of the CDI report, Tr. 184). The car is always locked and Sandra Maupin has the keys since she is the driver of the car; therefore, Sandra Maupin had to unlock the passenger's car door and usually opens it for plaintiff. The end of the tape is shown from the driver's side of the car where it would be impossible to observe Detective Crawford's claim that Brenda "reached for the door handle, grabbing it on the first try" (page 2 of the CDI report, Tr. 181). In addition, nothing on the videotape is incriminating evidence. The videotape does not show plaintiff engaging in any activity that is in conflict with plaintiff's statements to defendant.

18 Plaintiff's Opening Brief at 5. Much of Plaintiff's argument fails due to the fact that the CDI report, and

19 Detective Crawford's statements made therein, is based on the detective's own personal observations,

20 which were not captured on the videotape. The videotape does corroborate the officer's report that

21 Plaintiff had little or no apparent difficulty walking several feet behind her daughter down a sidewalk on

22 the way to her medical appointment. The videotape also reflects the difficulty the officer was having

23 trying to move the camera around in his vehicle while he was attempting to video all of Plaintiff's

24 movements and actions.

25      4. Plaintiff argues the medical evidence supports a finding of disability. Plaintiff further asserts

26 that recent opinions of Dr. Gates (based on exams on October 15 and December 1, 2003), Dr. Muller ,

27 and Dr. Bartlett (August 16, 2006), support the medical evidence in favor of disability.

28      After reviewing the record, the undersigned finds not error in the ALJ's analysis of the medical

evidence.  The ALJ is entitled to resolve conflicts in the medical evidence.  <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1230 (9th Cir. 1987).  He may not, however, substitute his own opinion for that of qualified medical experts.  <u>Walden v. Schweiker</u>, 672 F.2d 835, 839 (11th Cir. 1982).  If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so.  <u>Murray v. Heckler</u>, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  <u>Lester v. Chater</u>, 81 F.3d 821, 831 (9th Cir. 1996).  In <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of  a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.  "In evaluating the evidence, the reviewing court must look at the record as a whole, weighing both the evidence that supports and detracts from the Secretary's conclusion. *Gonzalez*, 914 F.2d at 1200. The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. *Richardson*, 402 U.S. at 400, 91 S.Ct. at 1426-27; *Allen*, 749 F.2d at 579." <u>Matney v. Sullivan</u>, 981 F.2d 1016, 1019 (9th Cir. 1992).

Here, substantial medical evidence supports the ALJ's conclusion that Plaintiff's impairments are not as severe as she alleges, i.e., her impairments do not prevent her from doing all work.   In his decision the ALJ summarized the most recent medical evidence, including the opinions of Dr. Gates and Dr. Muller.  The ALJ found no significant change in Plaintiff's medical condition since the previous administrative decision in July 2001.  The ALJ explained Dr. Gates' opinion did not add any new facts to the medical situation, noting that Dr. Gates qualified her opinion and stated she had no explanation for why her visual field was constricted (Tr. 555).  With regard to Dr. Muller, the ALJ noted his opinion was prefaced with the remark "no significant recent change" and tone of frustration with plaintiff's inability to find and retain a eye doctor that can address her symptoms and complaints (Tr. 556).  In sum, the ALJ properly weighed the medical evidence.

*CONCLUSION*

After reviewing the record and based on the foregoing discussion and finding, the court AFFIRMS the Social Security Administration's final decision and this matter is DISMISSED in favor of defendant.

DATED this 7th day of November, 2007.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge

ORDER
Page - 9